COMMONWEALTH *vs.* THOMAS BARKER & another.
SAME *vs.* JAMES L. DODGE.

Under the *St.* of 1855, *c.* 215, § 17, a jury are not only authorized, but required, upon mere proof of three several unlawful sales of intoxicating liquor by the defendant within the time alleged, to convict him of being a common seller.

INDICTMENTS on *St.* 1855, *c.* 215, § 17, for being common sellers of intoxicating liquors. Trials at October term 1859 of the superior court in Essex, before *Brigham,* J.

In the *first* case the only evidence was that the defendants were partners as grocers at Lynn, during the time covered by the indictment, and that the two defendants and a boy each made a sale of intoxicating liquor at the defendants' shop. It appeared affirmatively that none of the usual implements of the traffic, tumblers, &c., were seen in the shop by any of the witnesses.

In the *second* case the district attorney proved that the defendant, within the time alleged, made three or more sales of intoxicating liquor at his dwelling-house, within the time alleged in the indictment; and that some of these sales were made to a man who had worked for the defendant, and the others to a friend and companion of the defendant. It appeared that the defendant was a stone mason, and kept no shop or place of business. There was no other evidence tending to show that the defendant carried on the business of selling liquor. Inmates of the defendant's house and several of his nearest neighbors testified that they had never seen any liquor sold by the defendant, or known of any being on his premises or in his possession.

The defendants in each case requested the court to instruct the jury that, unless they were satisfied that the defendants, at some time during the period covered by the indictment, had acquired the character of common sellers, they could not be convicted; that the mere fact that three sales were made during that time, by the defendants or those for whom they were responsible, did not necessarily require the jury to convict the defendants, unless it satisfied the jury that the defendants had acquired such character; that upon the whole evidence it was a question entirely for the jury, and that there was no law which required them or made it their duty to be satisfied that the defendants were common sellers, merely by proof of three sales.

The presiding judge declined so to instruct the jury, and instructed them, that if, by the evidence, the minds of the jury were convinced beyond a reasonable doubt that the defendant made three several sales of intoxicating liquor, in violation of law, within the time and at the place alleged in the indictment, there was sufficient evidence under the statute that the defendant was a common seller as alleged; that the minds of the jury thus convinced by sufficient evidence were brought to that condition which, by the law and their oaths, not only authorized, but required, them to find the defendant guilty of being a common seller as alleged, and it was their duty so to do. The defendants, being convicted, alleged exceptions.

*S. B. Ives, Jr.* for Barker & another. The provision of St.

1855, *c.* 215, § 17, that three sales " shall be sufficient evidence " of being a common seller, must be construed to mean that proof of three sales shall be sufficient; not that three sales shall neces- sarily constitute the offence.   A common seller is more severely punished under this statute than a man who has merely made three sales; and cannot be sentenced as a common seller upon an indictment for three several sales; which indicates that, in order to be convicted as a common seller, he must be shown either by the circumstances under which he made three sales, or in some other mode to have acquired that character.   *Com- monwealth* v. *Perley,* 2 Cush. 559.   The words " sufficient " in § 17 means no more than "*prima facie*" in § 12.   See *Common- wealth* v. *Williams,* 6 Gray, 1; *Commonwealth* v. *Wallace,* 7 Gray, 222.   It is unreasonable to suppose that the legislature intended to provide that a man could under no circumstances make three sales within six years without acquiring the charac- ter of a common seller.   It was a question for the jury upon the whole evidence, and if that failed to satisfy them, they were authorized to acquit.   *Commonwealth* v. *Kirk,* 7 Gray, 496.

*E. W. Kimball,* for Dodge.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J.   The seventeenth section of *St.* 1855, *c.* 215, which prescribes the punishment of an unauthorized common seller of spirituous or intoxicating liquor, enacts that three sev- eral sales thereof, either to different persons or to the same per- son, " shall be sufficient evidence " of a violation of that section. The jury were therefore rightly instructed, that if they were convinced, beyond a reasonable doubt, that the defendant had made three several sales of intoxicating liquor, in violation of law, as alleged in each indictment, they were required by their oath to find the defendant guilty of being a common seller, as alleged.   The jurors' oath in this case is prescribed by the Rev. Sts. *c.* 137, § 7, in these words : " You shall well and truly try the issue between the Commonwealth and the defendant, according to your evidence.   So help you God."   And the jury could not, without disregarding their oath, refuse to find the defendant guilty, if they were convinced, beyond a reason-

able doubt, that there was evidence against him which the statute declares shall be sufficient to convict him. A jury has no right to acquit a defendant, who is proved to be guilty by legal and sufficient evidence, merely because they may think he ought not to have been indicted, or that the punishment of the offence with which he is charged is unreasonably severe. These matters are for the consideration of the legislature, grand jurors, prosecuting officers, and the governor and council.

*Exceptions overruled.*